IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 3 Squares, LLC, and Yusho LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 20-cv-2690 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| The Cincinnati Insurance Co., | ) |
| | ) |
| Defendant. | ) |

# ORDER

Plaintiffs 3 Squares, LLC, and Yusho LLC (collectively "plaintiffs") operate restaurants in Chicago. Compl. ¶¶ 3, 4, ECF No. 1. Following the outbreak of the novel coronavirus beginning in March 2020 ("COVID-19 pandemic"), Illinois's governor, as well as state and local officials, issued a series of orders limiting public access to non-essential businesses, including plaintiffs' businesses. *See* Compl. ¶¶ 45–62. Plaintiffs submitted claims under materially identical commercial insurance policies issued by defendant The Cincinnati Insurance Co. ("defendant") seeking compensation for lost business income and related losses. *See* Compl. ¶¶ 9–12, 19–25, 76. Defendant denied the claims, and plaintiffs filed this proposed class action seeking a declaration they are entitled to coverage. Compl. ¶¶ 76–77, 100–04. Defendant moves to dismiss the complaint for failure to state a claim, arguing that plaintiffs have not alleged a "direct physical loss" as required by the applicable policies. Mem. Supp. Mot. to Dismiss ("Def.'s Mem.") at 1, ECF No. 24.

**Motion to Dismiss Standard**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). In assessing the complaint's sufficiency, the court accepts all well-pleaded facts in the complaint, but not legal conclusions, as true and draws reasonable inferences in the plaintiff's favor. *Id.* (citing *Twombly*, 550 U.S. at 555).

Plaintiffs attached the insurance policies at issue to the complaint and referenced the policies in the complaint. *See* Compl. ¶¶ 10–11, 18–24; Policies, ECF Nos. 1-1 and 1-2. The policies may therefore be considered without converting defendants' Rule 12(b)(6) motion to a summary judgment motion. *See* Fed. R. Civ. P. 10(c); *Williamson v. Curran*, 714 F.3d 432, 436–37 (7th Cir. 2013).

## The Insurance Policies

Plaintiffs invoke the policies' standard form coverages for loss of business income, extra expenses, and for loss due to the actions of a civil authority. Compl. ¶ 18. The coverage language at issue tracks standard forms in the insurance industry. Compl. ¶¶ 14, 21.

The dispute here concerns the requirement of a "direct physical loss," which all parties agree is required for coverage. *See* Compl. ¶¶ 18–19. By way of illustration, the policies define the quoted word "loss" to mean "accidental physical loss or accidental physical damage." ECF No. 1-1 at PageID No. 86; ECF No. 1-2 at PageID No. 272. The coverage provisions at issue use the adjective "direct" before "loss." *See* ECF No. 1-1 at PageID Nos. 109, 117; ECF No. 1-2 at

2

PageID Nos. 300, 308. For example, substituting the definition of "loss" (in brackets) yields the following sentence delineating the scope of business income coverage:

> We will pay for the actual loss of "Business Income" you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct [accidental physical loss or accidental physical damage] to property at "premises" which are described in the Declarations and for which a "Business Income" Limit of Insurance is shown in the Declarations. The "loss" must be caused by or result from a Covered Cause of Loss.

ECF No. 1-1 at PageID No. 109; ECF No. 1-2 at PageID No. 300.

**Analysis**

As the numerous notices of supplemental authority attest, in the last year many courts have grappled with the coverage question presented here. *See, e.g.*, ECF Nos. 35, 43, 44, 46, 48 51–52, 54, 57, 59, 61, 63. The dispositive question is whether the requirement of direct physical loss or damage to the insured property includes plaintiffs' economic losses resulting from COVID-19 lockdown orders.

The Seventh Circuit has not yet rendered a decision in a COVID-19-related insurance coverage dispute. Because this court's jurisdiction is based on the parties' diverse citizenship, *see* 28 U.S.C. § 1332(a), (d), this "court's task in applying state law is to determine how the state's highest court would rule and, where a state's courts have yet to address the question, to examine the law in other jurisdictions to discern the probable direction of the state law at issue." *Alonso v. Weiss*, 932 F.3d 995, 1003 (7th Cir. 2019) (citing *In re Zimmer, NextGen Knee Implant Products Liab. Litig.*, 884 F.3d 746, 751 (7th Cir. 2018)). The parties cite no controlling cases decided by the Illinois Supreme Court nor any decision of the Illinois appellate court in a COVID-related coverage dispute. This court knows of no such decisions.

Settled general rules govern the construction of insurance contracts in Illinois. *W. Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978, ¶ 32 (citing *Sanders v. Ill.*

3

*Union Ins. Co.*, 2019 IL 124565, ¶ 22). "The primary function of the court in construing contracts for insurance is to ascertain and give effect to the parties' intent as expressed in the insurance contracts." *Id.* (citing *Sanders*, 2019 IL 124565, ¶ 22–23). Courts must give "clear and unambiguous" terms of an insurance contract "their plain and ordinary meaning." *Id.* (citations omitted). "Conversely, if the terms are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the contract." *Id.* (citing *Am. States Ins. Co. v. Koloms*, 87 N.E.2d 72, 75 (Ill. 1997)). With these principles in mind, this court looks to nonbinding, persuasive authority to determine how the Illinois Supreme Court would likely rule on the coverage question presented here. *See Alonso*, 932 F.3d at 1003; *Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 129 F.3d 414, 417 (7th Cir. 1997); *see also State ex rel. Leibowitz v. Fam. Vision Care, LLC*, 2020 IL 124754, ¶ 74 ("[L]ower federal court decisions are not binding on Illinois courts but may be considered persuasive authority." (citation omitted)).

The vast majority of courts in Illinois and around the country to have considered the question have concluded that under a plain and ordinary meaning analysis the phrase "physical loss or damage to property" does not extend coverage to purely economic losses caused by COVID-related business shutdown orders. *See, e.g.*, *L&J Mattson's Co. v. Cincinnati Ins. Co., Inc.*, — F. Supp. 3d —, 2021 WL 1688153, at *4–6 (N.D. Ill. Apr. 29, 2021); *Chief of Staff LLC v. Hiscox Ins. Co. Inc.*, — F. Supp. 3d —, 2021 WL 1208969, at *2–6 (N.D. Ill. Mar. 31, 2021); *Bend Hotel Dev. Co., LLC v. Cincinnati Ins. Co.*, 515 F. Supp. 3d 854, 857–58 (N.D. Ill. 2021), *appeal dismissed,* 2021 WL 4058013 (7th Cir. Apr. 2, 2021); *Sandy Point Dental, PC v. Cincinnati Ins. Co.*, 488 F. Supp. 3d 690, 693–94 (N.D. Ill. 2020), *reconsideration denied,* 2021 WL 83758 (Jan. 10, 2021). A minority of cases hold the phrase "physical loss or damage to

property" (or a very similar phrase) to be ambiguous and resolve the ambiguity in favor of coverage. *See, e.g.*, *Derek Scott Williams PLLC v. Cincinnati Ins. Co.*, — F. Supp. 3d —, 2021 WL 767617, at *4–5 (N.D. Ill. Feb. 28, 2021); *In re Soc'y Ins. Co. COVID-19 Bus. Interruption Prot. Ins. Litig.*, — F. Supp. 3d —, 2021 WL 679109, at *8–10 (N.D. Ill. Feb. 22, 2021), *motion to certify appeal denied,* 2021 WL 2433666 (N.D. Ill. June 15, 2021).

Having considered the many cases cited by the parties, this court finds the reasoning of the cases adopting the majority view persuasive. The United States Court of Appeals for the Eighth Circuit's decision in *Oral Surgeons, P.C. v. Cincinnati Insurance Co.*, 2 F.4th 1141 (8th Cir. 2021), apparently the only published appellate decision to date on this issue, encapsulates the majority view. *See also Gilreath Family & Cosmetic Dentistry, Inc. v. Cincinnati Ins. Co.*, — Fed. Appx. —, 2021 WL 3870697 (11th Cir. Aug. 31, 2021) (per curiam). Applying state law principles consistent with the Illinois law discussed above, the *Oral Surgeons* court held that the phrase "physical loss or damage to property" is unambiguous. 2 F.4th at 1143–45. Under a plain and ordinary meaning analysis, the court held this phrase requires "some physicality to the loss or damage of property—*e.g.*, a physical alteration, physical contamination, or physical destruction" to trigger coverage. *Id.* at 1144 (citations to cases and insurance law treatise omitted). The Eighth Circuit affirmed the dismissal of the complaint because the plaintiff "pleaded generally that [it] suspended non-emergency procedures due to the COVID-19 pandemic and the related government-imposed restrictions," which was not a physical alteration of property. *Id.* at 1145.

This court does not find the insurance policies here, ECF Nos. 1-1 and 1-2, to be ambiguous for the reasons given in *Oral Surgeons* and the majority of federal district courts. Additionally, the majority view accords with the Illinois Supreme Court's decision construing

5

the similar phrase "physical injury to tangible property" in *Travelers Insurance Co. v. Eljer Manufacturing., Inc.*, 757 N.E.2d 481 (Ill. 2001). Finding no ambiguity in this phrase, the Illinois Supreme Court held that "under its plain and ordinary meaning, the term 'physical injury' unambiguously connotes damage to tangible property causing an alteration in appearance, shape, color or in other material dimension." *Id*. at 502. Illinois's highest court also explicitly stated that "under its plain and ordinary meaning, the phrase 'physical injury' does not include intangible damage to property, such as economic loss." *Id.*; *see also Image Dental, LLC v. Citizens Ins. Co. of Am.*, 2021 WL 2399988, at *6 (N.D. Ill. June 11, 2021).

      The complaint in this case includes no well-pleaded allegations of physical alteration of plaintiffs' properties. *See* Compl. ¶¶ 23–25. Nor do plaintiffs plausibly allege that COVID-19-causing virus particles have physically altered their properties. *See* Compl. ¶¶ 23–44; *see also Bend Hotel Dev.*, 515 F. Supp. 3d at 857 (distinguishing *Studio 417, Inc. v. Cincinnati Ins. Co.*, 478 F. Supp. 3d 794, 799–800 (W.D. Mo. 2020), for this reason). Rather, as in *Oral Surgeons*, plaintiffs have generally alleged economic losses caused by pandemic-related lockdown orders. Because those are not losses covered by plaintiffs' insurance policies, defendant's motion to dismiss the complaint is granted.

Dated: September 23, 2021

                                                                      /s/
                                                         Joan B. Gottschall
                                                         United States District Judge